IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andres Leroy Glenn, | C/A No.: 3:13-1944-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Ms. Janice Thomas; Dr. NFN Reddy; Dr. Crisp-Land Glynn; and Jose Chavez, | |
| Defendants. | |

Plaintiff Andres Leroy Glenn, proceeding *pro se* and *in forma pauperis*, alleges a violation of his constitutional rights under 42 U.S.C. § 1983 by Janice Thomas, Dr. Reddy, Dr. Crisp-Land Glynn, and Jose Chavez (collectively "Defendants"), who appear to be employees of the Columbia Care Center ("CCC"). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff is a patient at CCC, and alleges that he "was falsely arrested and brought [to the CCC] for an indefinite sentence" on May 3, 2010. [Entry #1 at 2–3]. Plaintiff alleges he requested double portions of food from Defendants on May 8, 2010, but they "said nothing." *Id*. at 3. Plaintiff further complains that on April 5, 2013, he "went up for

a review & the result was nothing." *Id.* at 3. Plaintiff seeks monetary damages "for being medically overdosed while being falsely arrested" and a "criminal free criminal record."[1] *Id.* at 4.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations

---

[1] To the extent Plaintiff seeks to challenge a criminal conviction or sentence, habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Insufficient Factual Allegations

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  In addition, Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although the court must liberally construe a *pro se* complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  *Iqbal*, 556 U.S. at 678–79.   In the present case, Plaintiff provides "labels and conclusions . . . devoid of further factual

3

enhancement." *Id.* at 678 (internal quotation marks and citation omitted). Thus, Plaintiff's claims are subject to summary dismissal.

### 2. False Arrest

Plaintiff alleges he was falsely arrested on May 3, 2010. [Entry #1 at 3]. "[T]he Fourth Amendment right to be arrested only on probable cause is clearly established." S*mith v. Reddy*, 101 F.3d 351, 356 (4th Cir. 1996). However, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996). Plaintiff fails to allege that Defendants, who appear to be medical employees at CCC, participated in Plaintiff's arrest. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights). Further, Plaintiff provides no facts to demonstrate his arrest was without lawful process. Plaintiff's claims against Defendants for false arrest in violation of the Fourth Amendment are subject to summary dismissal.

### 3. False Imprisonment

Plaintiff also alleges false imprisonment by Defendants. [Entry #1 at 2]. This claim is analogous to the common law tort of malicious prosecution, which permits damages for confinement pursuant to legal process. *See Brooks*, 85 F.3d at 182 (finding that "allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution"). "[I]t is not entirely clear whether the

4

Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, to the extent such right exists, a plaintiff must demonstrate seizure "'pursuant to legal process that was not supported by probable cause and [ ] that the criminal proceedings have terminated in plaintiff's favor.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)). In the present action, Plaintiff has not demonstrated that any criminal charges associated with his arrest have been terminated in his favor. Thus, Plaintiff's false imprisonment/malicious prosecution claim is also subject to summary dismissal.

### 4. Deliberate Indifference

Plaintiff alleges a denial of double food portions on May 8, 2010, and a medical overdose on an unspecified date. [Entry #1 at 3–4]. Deliberate indifference is a very high standard, which requires more than a showing of mere negligence, *see Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the [plaintiff's] interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994). Based on these precedents, the issue is whether a plaintiff, who has suffered injury, has alleged that the defendant "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Parrish ex rel. v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004)

(deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury).

Plaintiff provides only conclusory allegations of deliberate indifference and no facts to show any injury resulting from Defendants' alleged actions. Plaintiff also fails to demonstrate that Defendants knowingly failed to take precautions for Plaintiff's safety. *See Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999) ("The Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences."). As such, Plaintiff's deliberate indifference claims should be summarily dismissed. To the extent Plaintiff alleges that Defendants' actions constitute negligence or malpractice, such claims are not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986).

III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 21, 2013                                             Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).